William D. Smith and Dorothy S. Smith v. Commissioner.
Smith v. Commissioner
Docket No. 6563-65.
United States Tax Court
T.C. Memo 1967-90; 1967 Tax Ct. Memo LEXIS 173; 26 T.C.M. (CCH) 443; T.C.M. (RIA) 67090; April 25, 1967
William D. Smith, pro se, 4113 Ferrarra St., Jacksonville, Fla. James B. Morgan, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: A deficiency has been determined by respondent against petitioners for the taxable year 1963 in the amount of $740.05. The sole issue to be decided is whether respondent *174 has erred in disallowing a deduction of $3,000 taken by petitioners on their return for 1963 as alimony paid to petitioner William Smith's former wife. The case was submitted fully stipulated under Rule 30. Findings of Fact We adopt the stipulation of facts as our findings of fact as follows: Petitioners are husband and wife. Their joint income tax return for 1963 was filed with the district director of internal revenue in Jacksonville, Florida. William and his former wife, Elizabeth, were married in 1931 and lived as husband and wife until their divorce in February 1960. Prior to their divorce, William entered into an oral agreement with Elizabeth pursuant to which he was to pay her $250 per month until his retirement, at which time he would reduce the payments to a minimum of $200 plus the maximum amount he could afford. The divorce decree, which became final in February 1960, did not provide for alimony payments, nor did it refer to any written agreement or property settlement. During the year 1963, William paid Elizabeth $2,370 pursuant to the oral agreement. In July 1962, William gave Elizabeth a check for $650 to cover expenses in moving. She did not move at that *175 time so William told her to hold the money and apply it, pursuant to their oral agreement, toward the first two monthly payments for 1963. At the time the payments in question were made, William and Elizabeth had not reduced the oral agreement to writing. The oral agreement was reduced to writing in October 1966. Ultimate Finding of Fact The amounts paid by petitioner during 1963 as above set forth do not constitute periodic payments in discharge of the marital obligation of petitioner to his former wife, are not includable in her gross adjusted income, and therefore are not deductible by him. Opinion The stipulated fact that no agreement in writing incident to the divorce here involved, nor any provision of the divorce decree calling for the payments made by petitioner to his former wife, was in existence during 1963 is fully determinative of the question here presented. Section 71 (a)(1), Internal Revenue Code of 1954, [1] clearly requires that in order for such payments to be includable in her gross income, they must be made under the terms of a decree of divorce or separate maintenance or a "written instrument incident to such divorce or separation. *176 " Only in case such payments are so includable in her gross income are they deductible by petitioner under section 215(a). [2] The statutes control and we may not change the above-quoted language to read "written [or oral] instrument [agreement]" as petitioner would have us do. His proper forum for such a request is the Congress. *177 Decision will be entered for the respondent. Footnotes
1. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. ↩
2. SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682↩, the amount thereof is not includible in the husband's gross income.